ALEXANDER H. VANDENBERG, Respondent, *v.* PETER REISS CONSTRUCTION COMPANY, INC., et al., Appellants.

(Argued January 23, 1934; decided February 27, 1934.)

*J. Alvin Van Bergh* and *David Katz* for George H. Flinn Corporation, appellant. Failure to guard against a remote possibility of accident, one which could not, in the exercise of ordinary care, be foreseen, does not constitute negligence. (*Van Leet* v. *Kilmer*, 252 N. Y. 454; *Caspersen* v. *La Sala Bros.*, 253 N. Y. 491; *Hooey* v. *Airport Construction Co.*, 253 N. Y. 486.) This appellant owed plaintiff no duty based upon possession and control, since it had neither possession nor control on the day of the accident. (*Lafredo* v. *Bush Terminal Co.*, 261 N. Y. 323; *Potter* v. *N. Y., O. & W. Ry. Co.*, 261 N. Y. 489; *Cullings* v. *Goetz*, 256 N. Y. 287; *Kilmer* v. *White*, 254 N. Y. 64; *Armstrong* v. *City of Tulsa*, 102 Okla. 49; *Canal Constr. Co.* v. *Clem*, 163 Ark. 416*l Cunningham* v. *Gillespie Co.*, 241 Mass. 281; *Campbel* v. *Holding Co.*, 251 N. Y. 446; *Coleman* v. *Guidone & Son*, 192 App. Div. 120; *Williams* v. *Gillen Dock Co.*, 258 Fed. Rep. 591; *Ryan* v. *Feeney & Sheehan Bldg. Co.*, 239 N. Y. 43; *Ford* v. *Sturgis*, 14 Fed. Rep. [2d] 253; *Hooey* v. *Airport Construction Co.*, 253 N. Y. 486.)

*Theodore H. Lord, James B. Henney* and *Daniel R. Harvey* for Peter Reiss Construction Company, Inc., appellant. The removal of the rung from the ladder at a point above the mezzanine floor to which it served as a means of ingress and egress to the platform below did not create a dangerous condition, and there is, therefore, no evidence of any negligence on the part of this appellant, and the complaint should be dismissed. (*Schmidt* v. *City of New York*, 179 App. Div. 667; *Marsh* v. *Chickering*, 101 N. Y. 396.)

*Matthew T. Abruzzo* and *Jerome H. Barr* for respondent. The possibility of accident was not so remote as

to excuse appellant Flinn for allowing the dangerous condition to prevail. (*Tinker* v. *N. Y., O. & W. Ry. Co.*, 157 N. Y. 312; *Gilmartin* v. *Buchanan*, 134 App. Div. 587; *Rice* v. *Cummings Construction Co.*, 169 App. Div. 832; 220 N. Y. 564; *Calver* v. *Crowell*, 211 App. Div. 199; *Kunz* v. *Howard*, 143 App. Div. 830; *Roessle* v. *Lancaster*, 140 App. Div. 926; 205 N. Y. 626; *Gardner* v. *Friederich*, 25 App. Div. 521; 163 N. Y. 568.) The evidence clearly established the liability of the appellant Reiss for the injuries sustained by the plaintiff. (*Rix* v. *Siegel*, 235 App. Div. 499; *Perricone* v. *Abrams*, 245 N. Y. Supp. 690.) The removal of the rung from the ladder created a dangerous condition for which the appellant Reiss was liable. (*Greener* v. *General Electric Co.*, 147 App. Div. 462; *Carey* v. *Manhattan Ry. Co.*, 116 App. Div. 247; *Preiss* v. *City of New York*, 69 Misc. Rep. 492; *Barker* v. *Paulson*, 116 N. Y. 660; *Rosenberg* v. *Schwartz*, 260 N. Y. 162.)

O'BRIEN, J. In this action for negligence plaintiff recovered judgment for personal injuries against both defendants. He was an assistant engineer employed by the Board of Transportation and at the time of his injury was engaged in inspecting a subway railroad station in New York city which was in course of construction by these two defendants under separate contracts with the Board of Transportation. Never before had he been in this station. While he was ascending a wooden ladder placed in a well between the station platform and the mezzanine floor, his clothes caught on the ends of wire mesh projecting from the edge of the concrete flooring of the mezzanine. This sudden contact with the wires caused him to lose his balance and, in an effort to save himself from falling, he reached with his hand for one of the rungs of the ladder but this rung had been removed. Grasping nothing except the air, he fell from the ladder and was injured. He was carrying a flash light at the time

and the jury could find that there was very little illumination in the station and that it was dark.

The Flinn Company had the contract for the heavy work of constructing the station. The Reiss Company was the contractor for the finishing work. The work of the Flinn Company had been substantially completed on January 12th. The work of the Reiss Company consisted in erecting hollow tile walls, installing conduits and plumbing, building stairways and other items. It took possession on January 14th and was in possession on February 19th, the day of the accident. It was responsible for the lack of light and also was in control of the ladder which had been built by its employee. The wires had been installed by the Flinn Company and the jury could find on conflicting evidence that they had been left by it in the condition in which they were at the time of the accident and also that from the first to the nineteenth of February the Flinn employees continued at work intermittently on the job for the purpose of completing small details. They moved some drain pipes, filled in the space with concrete and painted some of the columns, but they were not working in the station on the day of the accident. At that time the Flinn Company was not in possession or control of the premises and had not been in control subsequent to January 12th.

If any liability attaches to the Flinn Company, it must rest exclusively upon the fact that it left the wires in a condition which the jury found was dangerous and which they found to constitute a concurring cause of plaintiff's injury. The assistant superintendent of the Flinn Company admitted that good construction requires that the wires should not stick out, but this opinion undoubtedly had reference to the final construction. The inspector for the Board testified that they should be encased in concrete but that, with proper lighting, they would not, pending completion of the station, be dangerous to one accustomed to construction surroundings.

This opinion in respect to encasing in concrete must also have reference to final construction. The Flinn Company obeyed the orders of the Board's engineers in respect to these wires. There is some doubt whether the plans required them to be left as they were in order to enable the Reiss Company to fill in the space with concrete, or whether the plans required that the ends should be cut off. Eventually they were cut off. The engineers of the Board differed in their reading of the plans.

The condition in which the Flinn Company left the wires, by direction of the engineer prior to the completion of the finishing contract by the Reiss Company, was not dangerous, provided the Reiss Company had properly lighted the station or even if it had located the base of the ladder a foot or two nearer to the wall so that its top would not approach so closely to the wires or if it had supplied a ladder with the full number of rungs. As a resonably prudent builder, acting under directions of the engineer, the Flinn Company was not bound to foresee such an unusual combination of circumstances. There is no evidence to indicate that it acted in a manner different from any other competent and careful builder.

The judgment as to the appellant Peter Reiss Construction Company should be affirmed, with costs, the judgment as to the appellant George H. Flinn Corporation reversed and the complaint dismissed as against it, with costs in all courts against respondent.

POUND, Ch. J., CRANE, LEHMAN, HUBBS and CROUCH, JJ., concur; KELLOGG, J., not voting.

Judgment accordingly.